Rosen, J.,
concurring: I agree with the majority’s well-reasoned conclusions affirming Fishers conviction and sentence. However, I disagree with the majority opinion which finds the prosecutors use of the expression “bull” was the equivalent of calling Fisher a liar. While the use of that word can certainly be equated to the characterization ascribed by the majority, as used here, tire prosecutor was simply attempting to discredit Fisher’s theory of self-defense. In this context, characterizing evidence as “bull” in my mind is synonymous with using words such as “hogwash” or “nonsense” or “ridiculous,” terms which merely point to inconsistency in or unbelievability of a persons position. See, e.g., State v. Perkins, 271 Conn. 218, 267-68, 856 A.2d 917 (2004), where the prosecutor in closing argument summarized the defendants theory and then remarked, “Bull.” On appeal, the court found that the prosecutors comment related to inferences that the jurors might draw from the. evidence and were not a critique of the credibility of the defendant or other witnesses. See also People v. Charles, 58 Mich. App. 371, 388, 227 N.W.2d 348 (1975) (prosecutor’s closing argument reference to defendant’s “cock-and-bull” story not improper); State v. Weaver, 912 S.W.2d 499, 513-14 (Mo. 1995) (prosecutor’s characterization of defendant’s theory as “cock-and-bull” story acceptable comment on believability of defense position). As a result, I would find the use of the term “bull” as used here was not beyond the wide latitude allowed in discussing the evidence resulting in error in this case.
I also disagree with the majority concluding that the record requires the district court judge to instruct the jury on attempted voluntary manslaughter. As the majority points out, voluntary manslaughter based on imperfect self-defense is “knowingly lulling a human being committed . . . upon an unreasonable but honest *266 belief that circumstances existed that justified use of deadly force under K.S.A. 21-5222.” K.S.A. 2015 Supp. 21-5404(a)(2). Under K.S.A. 2015 Supp. 21-5222(a), “[a] person is justified in the use of force against another when and to the extent it appears to such person and such person reasonably believes that such use of force is necessary to defend such person . . . against such others imminent use of unlawful force.”
K.S.A. 2015 Supp. 22-3414(3) provides “where there is some evidence which would reasonably justify a conviction of some lesser included crime . . . the judge shall instruct the jury as to the crime charged and any such lesser included crime.” Here, Fisher did not seek an instruction on attempted voluntary manslaughter or object to its omission, and only sparse evidence based on the testimony, read from a cold record, of a delusional intoxicated defendant is offered to support it. It bears repeating that the test set forth in K.S.A. 2015 Supp. 22-3414(3) is not a theoretical one. Instead, it requires the trial judge, who has heard, seen, and evaluated all of the evidence in the case, to determine whether there is “some evidence which would reasonably justify a conviction” of the lesser included crime. State v. Haberlein, 296 Kan. 195, 214, 290 P.3d 640 (2012) (Rosen, concurring in part, dissenting in part), cert. denied 134 S. Ct. 148 (2013). What does not bear repeating is any further explanation of my position as it relates to the inclusion of lesser included offenses when little or no actual evidence exists to support the unrequested or requested instruction. I would simply find on this record and consistent with my dissenting opinions in State v. Qualls, 297 Kan. 61, 73, 298 P.3d 311 (2013); Haberlein, 296 Kan. at 214; State v. Tahah, 293 Kan. 267, 280-81, 262 P.3d 1045 (2011); and State v. Scaife, 286 Kan. 614, 628-29, 186 P.3d 755 (2008); that the trial court did not err in failing to instruct the jury on the lesser included offense of attempted voluntary manslaughter.
Stegall, J., joins the foregoing concurring opinion.
[[Image here]]